# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **Sidney R. Miller,** ) | |
| ) | |
|     **Appellant/Debtor** ) | |
| ) | **10 C 5915** |
|     v. ) | |
| ) | **Judge Ronald A. Guzmán** |
| **Marilyn O. Marshall,** ) | |
| ) | |
|     **Appellee/Trustee.** ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is *pro se* debtor/appellant Sidney R. Miller's appeal, pursuant to 28 U.S.C. § 158(a), of the bankruptcy court's order dismissing his case for failure to file certain documents as required by 11 U.S.C. ("the Bankruptcy Code") § 521(i). For the reasons set forth below, the Court reverses the order and remands the case to the bankruptcy court.

## Background

On June 3, 2010, Miller filed a Chapter 13 petition in the United States Bankruptcy Court for the Northern District of Illinois, case number 10-BK-25290. Pursuant to § 521(i) of the Bankruptcy Code, Miller was required to file certain documents with the bankruptcy court within forty-five days of that filing or on or before July 19, 2010. On July 19, 2010, the trustee orally moved to dismiss the case because, among other things, Miller failed to file the required documents under § 521. (*See* Bankr. Ct. Tr., Case No. 10-BK-25290, 1-3, July 19, 2010.) Miller objected, explaining to the bankruptcy court that he had certain documents with him that were ready to be filed, upon which the bankruptcy court told Miller to let the trustee view the documents. (*Id.* at 4-5.) After viewing the documents, the trustee told the bankruptcy court that

Miller still did not have all the required documents, and that today "[was] the 46th day," after Miller had filed his petition. (*See id.* at 8.) Upon which the following conversation ensued:

> Miller: With all due respect, the reason that I can't produce tax returns [which Miller alleges he needed to properly complete one or more of the § 521 required documents] is because they are not in my possession. They're in the possession of the receiver in the state court when my currency exchanges were placed in receivership seven years ago. I spoke with the IRS [Internal Revenue Service] on April 26th. The IRS said that the tax returns were improperly filed under my own FEIN's [sic] [Federal Employer Identification Number]. The receiver never –
>
> Court: Stop, stop. You're rambling on about things that have nothing to do with what we've just raised. One, you have to file a plan. You have to file it on time. You didn't do that. Two, once you file the plan, you have to start making plan payments. You're not doing that, okay?
> . . . .
>
> [Y]ou open up your entire world when you filed bankruptcy. So you don't get to pick and choose what you do. If you want the benefit of the proceedings, you have to follow all the rules, all right? So you have to amend, you have to get your schedules on file, you need to make your payments, you need to have a plan.
>
> I'm continuing this for one week. If you do not have all those documents on file, and I'm not necessarily giving you leave to file them late, you haven't asked for that, if you don't have everything on file, your case will be dismissed next week.
> . . . .
>
> Miller: And when you refer to those documents, you're referring [to] everything the trustee just –
>
> Court: I'm referring to everything that the rules require, many of which he [the trustee] mentioned all right? To [sic] have to follow the rules just like everybody else, okay?
>
> Miller: I always attempt to, Your Honor.
>
> Court: Well, you know, attempt to is not good enough. If you want the benefit of the proceeding, you have to do what it requires. So I'm

2

giving you one week and a last chance to get all those documents on file.

(*Id.* at 9-11.) A week later at a status hearing on July 26, 2010, Miller allegedly filed all the required documents:

| | |
|---|---|
| Miller: | The schedules that Your Honor extended one week have been filed. I have the trustee's copy in my hand. They're all file stamped. Would you like me to tender this to the trustee? |
| Court: | Yeah, I assume they're not going to show up on the docket. Were they filed this morning? |
| Miller: | That is correct, Your Honor. |
| Court: | All right. Okay. So because they were filed this morning, we won't be able to get a chance to take a look at them, so we need to continue it. |
| Trustee: | Well, that's entirely up to Your Honor, obviously.<br>. . . . |
| Court: | I said 7/26 to get documents on file. So if you want to be very technical about my order, you could have probably done it right up to the moment before the hearing. |
| Trustee: | These documents, having been filed today, are beyond the 45 days of Section 521(i). The case was automatically dismissed Tuesday.<br>. . . . |
| Court: | The case is dismissed. |
| Trustee: | And I've prepared an order, if the court wanted to – |
| Miller: | Your Honor gave – |
| Trustee: | -- dismissing the case and finding that the documents were not filed within the 45 days required under 521(i). |
| Court: | You understand that provision, don't you? Are you aware of that? |
| Miller: | I was aware, but your Honor issued an order at the bench last – |

3

|  |  |  |
|---|---|---|
| Court: | | No, wait a minute, wait a minute. I did not issue any order. There's no order on the docket giving you an extension of time to file the documents. I just gave you a continuance to get done what you were supposed to get done . . . . So I said you need to have these problems resolved by today, you need to get things on file and have them resolved by today. But if you choose to file them after the 45 days, I don't have any ability to do anything with it. The Code says the case is automatically dismissed. |
| Trustee: | | Right. And there was no motion requesting an extension of time to do so. |
| Court: | | And there is no order giving you an extension of time beyond the 45 days. All I did was what I always do here, if there are problems, I say I'll give you a continuance, instead of dismissing your case today, I'll give you a continuance to fix the problems. That's not the same as overriding the 45-day rule. |

(*See* Bankr. Ct. Tr., Case No. 10-BK-25290, at 1-4, July 26, 2010.) The court entered an order on July 26, 2010 stating that the case was dismissed for failure to file required documents under § 521(i) *nunc pro tunc* July 20, 2010, the day after the bankruptcy court granted the continuance.[1]

## Discussion

**I.     Legal Standard**

A district court reviews a bankruptcy court's legal conclusions *de novo* and findings of fact for clear error. *Tidwell v. Smith*, 582 F.3d 767, 777 (7th Cir. 2009); *see also United States v.*

---

[1] The bankruptcy court seems to have misapplied the *nunc pro tunc* designation in this case. As the Seventh Circuit has reiterated, a *nunc pro tunc* order cannot be used to "rewrite history." *E.g.*, *Cent. Laborers' Pension, Welfare & Annuity Funds v. Griffee*, 198 F.3d 642, 644 (7th Cir. 1999). Rather, a *nunc pro tunc* order is limited to "correct[ing] the record so that it reflects what was actually done but never recorded due to clerical inadvertence." *Transamerica Ins. Co. v. South*, 975 F.2d 321, 325 (7th Cir. 1992). It cannot be used to make substantive changes affecting the parties' rights. *Id.* Given that the court gave Miller a one-week continuance on July 19, the forty-fifth day after he filed his petition, "to get . . . [his] documents on file," and dismissed the petition on July 26 because he had not filed those documents by July 19, its designation of the dismissal order *nunc pro tunc* July 20 substantively affected Miller's rights and as such, cannot have effect *nunc pro tunc*. *King v. Ionization Int'l Inc.*, 825 F.2d 1180, 1188 (7th Cir. 1987) ("The office of a *nunc pro tunc* ('now for then') order is to clean up the records by showing what was previously done with effect from the time done; it is not to alter substantive rights."). Thus, the effective date of the order was July 26, 2010, not July 20, 2010.

*U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."). But where a decision is left to the discretion of the bankruptcy court such decision is reviewed for an abuse of discretion. *Wiese v. Cmty. Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009). Under this standard, the relevant inquiry is whether any reasonable person could agree with the bankruptcy court. *Morris v. Shaw Steel, Inc.*, 223 F.3d 548, 554 (7th Cir. 2000); *see also Corp. Assets, Inc. v. Paloian*, 368 F.3d 761, 767 (7th Cir. 2004) ("[A] court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied.").

**II.     Analysis**

  **1. Mootness**

First, the trustee argues that Miller's appeal is moot because he has a pending Chapter 13 case in the bankruptcy court. (Appellee's Br. at 7.) Cases are moot when there is no longer a live case or controversy. *See, e.g.*, *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 528 (7th Cir. 2001). "If a case becomes moot while on appeal, this [C]ourt loses its jurisdiction to decide the merits of the action." *Bd. of Educ. of Oak Park & River Forest High Sch. Dist. 200 v. Nathan R.*, 199 F.3d 377, 380-81 (7th Cir. 2000).

Although Miller may have had a pending case when the trustee filed her brief, it appears that the case has since been resolved. Although there is no official dismissal on the docket for the case, the Court takes judicial notice of the fact that no activity has taken place in the case

5

since November 29, 2010, when the bankruptcy judge denied Miller's Chapter 13 plan. *See* 10-BK-34623, Order Denying Confirmation Chapter 13 Plan; *see In re Miller*, No. 10 C 4432, 2011 WL 940044, at *3 (N.D. Ill. Mar. 15, 2011) (finding (on another one of Miller's appeals) that Miller's appeal was not moot even though he technically had a pending bankruptcy case where his plan was denied and no other activity had taken place for a couple of months). The bankruptcy court gave Miller until November 29, 2010 to get "caught up on [his] payments" or else "confirmation is going to be denied, and then the case will be dismissed for failure to confirm a plan." (Bankr. Ct. Tr., Case No. 10-BK-34623, 6, November 15, 2010.) Therefore, since Miller no longer has an active case before the bankruptcy court, Miller's appeal is not moot.

Accordingly, the Court will now address the issues raised by Miller on appeal regarding whether the bankruptcy court committed reversible error by: (1) granting the trustee's June 4 motion to dismiss; (2) dismissing the case on July 26 after granting a continuance; and (3) whether the trustee breached her fiduciary duties to the estate thereby precluding the court from ruling on the trustee's motion to dismiss. (Appellant's Br. at 1-2.)

### 2. Granting Untimely Motion to Dismiss

First, Miller argues that the trustee's motion to dismiss was not properly before the bankruptcy court since it was filed on June 4, 2010, before the forty-five day deadline. The record indicates, however, that the bankruptcy court did not grant the June 4, 2010 motion but instead granted the Trustee's Motion for Entry of Dismissal Order, which was presented to the bankruptcy court on July 26, 2010. (Order Dismissing Case, *Miller v. Marshall*, No. 10-BK-

25290 (Bankr. N.D. Ill. July 26, 2010), ECF No. 25.) Furthermore, even if the court's order dismissing the case had been a ruling on the June 4th motion, the court did not abuse its discretion by ruling on the motion when it did because the issues were ripe when it was ruled on.

3.  **Section 521(i) Dismissal**

Second, Miller argues that his case should not have been dismissed on July 26, 2010 because he had been granted an extension by the bankruptcy court on July 19, 2010. Pursuant to § 521(i) of the Bankruptcy Code if a Chapter 13 debtor "fails to file all of the information required under [§ 521(a)(1)] within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition." § 521(i)(1). But "upon request of the debtor," made within 45 days after the date of the filing of the petition, "the court may allow the debtor an additional period of not to exceed 45 days to file the information required under [§ 521(a)] if the court finds justification for extending the period for the filing." § 521(i)(3). If the forty-five day period ends on a Sunday, such period is extended to the next day. Fed. R. Bankr. P. 9006.

Thus, the issue before the Court is whether the bankruptcy court abused its discretion when it interpreted its July 19, 2010 order as merely a continuance and not as an extension of time for Miller to file his documents. We must defer to the bankruptcy court's interpretation of its July 19 order, unless such interpretation is a clear abuse of discretion. *Chiplease, Inc. & Scattered Corp. v. Steinberg*, 528 F.3d 467, 476 (7th Cir. 2008). "Although this is a deferential standard, we must nonetheless conduct a 'meaningful review' of the [lower] court's decision." *Wilfong v. United States*, 991 F.2d 359, 364 (7th Cir. 1993) (quotation omitted).

7

The plaintiff, in effect, argues that the July 19th order would be rendered meaningless unless interpreted as an extension of the forty-five day deadline. The Court agrees. July 19 th, the day of the hearing, was the forty-fifth day, and therefore the last day under § 521(i), for Miller to file certain documents with the bankruptcy court. The trustee moved for a dismissal on the basis of plaintiff's failure to comply, but rather than granting the motion, Judge Hollis gave the debtor "one week" and "a last chance" to get his documents on file or his "case would be dismissed next week." (Bankr. Ct. Tr., Case No. 10-BK-25290, 10-11, July 19, 2010.) Although Judge Hollis said she was not "necessarily giving [Miller] leave to file [the documents] late," that is the only reasonable conclusion that can be drawn from the totality of the circumstances. (*Id.* at 10.) Indeed, an ruling granting Miller one week as a last chance to file the documents otherwise due that same day, would be meaningless if it did not also extend leave to file the documents for that same period of time. It would be of no benefit to anyone, the court or the petitioner, to grant petitioner a week to file certain documents while allowing his case to be automatically dismissed the next day for failure to file the documents. The result would be to motivate the plaintiff to spend time and energy collecting the necessary documents but to absolutely no avail as his case would already have been automatically dismissed. As for the court, the result would be to keep a case on its docket for an extra week for absolutely no reason. Such a ruling would not only be of no benefit to any of the parties concerned, it would also be misleading to a pro se litigant. The court's language is quite clear that the one week extension was being given in order to give Miller an opportunity to avoid the automatic dismissal. The judge told Miller he had one more week to get the documents "on file" and said if he failed to do so the case "would be dismissed." (*Id.* at 1-4, 7-8, 10-11.) The only possible inference that can

be drawn from these events is that the court had extended the filing date and the case would not be dismissed the next day by operation of the statute.

This is especially true given Miller's *pro se* status. A *pro se* plaintiff, while essentially treated the same as any other litigant, is entitled to a certain amount of assistance from the court. *See, e.g.*, *Palmer v. City of Decatur*, 814 F.2d 426, 428-29 (7th Cir. 1987) (holding that the court abused its discretion in dismissing the *pro se* plaintiff's case without first providing notice that the case would be dismissed if he did not secure counsel because it is a "well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a 'fair and meaningful consideration.'") (quotation omitted); *Schilling v. Walworth Cnty. Park & Planning Comm'n*, 805 F.2d 272, 277 (7th Cir. 1986) (noting that a court should at least warn a *pro se* litigant of the possible consequences of any neglect especially where the result is dismissal); *Camps v. C & P Tel. Co.*, 692 F.2d 120, 125 (D.C. Cir. 1981) (holding that the district court abused its discretion by dismissing *pro se* plaintiff's case for arriving late and advising the district court first to "acquaint" *pro se* litigants with the risks associated with tardiness). Similar to *Palmer*, plaintiff was given no notice by the bankruptcy court that his case would be automatically dismissed the very next day if he did not file his documents.[2] Rather, the court told him that he had "one week and a last chance to get all those documents on file." (Bankr. Ct. Tr., Case No. 10-BK-25290, 11, July 19, 2010.) Under these circumstances, the bankruptcy court's order cannot be reasonably interpreted as anything but an extension.

---

[2] Moreover, the trustee did not say anything at the July 19, 2010 hearing to correct any inadvertent confusion between Judge Hollis and *pro se* plaintiff Miller as to the continuance, though clearly aware that the case would be automatically dismissed by statute the next day, July 20, 2010, if Miller's documents were not filed. (Bankr. Ct. Tr., Case No. 10-BK-25290, 1-4, 8, July 19, 2010 ("In fact, today is the 46th day.").) Yet the trustee came prepared a week later, July 26, 2010, with an order for Judge Hollis to sign to effectuate the case's dismissal on the forty-sixth day. (Bankr. Ct. Tr., Case No. 10-BK-25290, 2, July 26, 2010 ("These documents, having been filed today, are beyond the 45 days of Section 521(i). The case was automatically dismissed Tuesday.").)

Consistent with this interpretation of the July 19 order is Judge Hollis' own actions at the status hearing on July 26. The hearing began with Miller telling the court that the documents "that Your Honor extended one week" had been filed, upon which Judge Hollis replied "ok." (Bankr. Ct. Tr., Case No. 10-BK-25290, 2, July 26, 2010). Then Judge Hollis said to the trustee "that according to the [July 19 order] Miller had until July 26 to get the documents on file" so "if you want to be very technical about my order, you could have probably done it right up to the moment before the hearing [on July 26]." (*Id.* at 2-3.) The trustee responded by explaining that the case had been automatically dismissed last Tuesday because the required documents had not been filed by the forty-fifth day. (*Id.* at 3.) July 19, the day of the previous hearing, was the last day of the forty-five day period. On that day, however, the trustee mistakenly informed the judge that it was "the 46th day." Perhaps this is where the court's confusion occurred. The mistaken representation by the Trustee and the lack of an indication on the docket that an actual extension was granted on the last court date may well have caused a judge with an extremely busy docket to mistake the posture of the case. Indeed, the judge's next comment seems premised upon a belief that the court lacked the authority to grant an extension after the expiration of the 45 day period. Miller replied that "he was aware of [§ 521(i)] but [that] Your Honor issued an order at the bench last—," but the court replied "[no] wait a minute . . . there's no order on the docket giving you an extension" and that because the forty-five days had passed she "did not have the ability" do anything about it. (*Id.* at 3-4.) To remedy the confusion between Judge Hollis and Miller, and to avoid any unfair prejudice to Miller, this Court finds that the July 19, 2010 order was an extension, rather than as a continuance.

Defendant argues that the bankruptcy court order was not an abuse of discretion because Judge Hollis had no discretion under § 521(i) to extend the forty-five day filing deadline. § 521(i)(1) (stating that the case is automatically dismissed if the documents are not filed within forty-five days). However, § 521(i)(3) provides that upon request of the debtor, a judge can grant an extension of the forty-five day deadline, which is, in essence, what happened here. [3]

**Conclusion**

Based on the foregoing analysis, the Court reverses the bankruptcy court's July 26, 2010 order dismissing the case and remands the case to the bankruptcy court for further proceedings consistent with this opinion.

       SO ORDERED                      ENTER: May 24, 2011

*Ronald A. Guzman*

                                          **RONALD A. GUZMAN**
                                          **District Judge**

---

[3] Because the Court is reversing the bankruptcy court's dismissal, it need not address the remaining arguments on appeal.